IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLA TRESHUK, | No. 18-cv-5050 |
| Plaintiff, | |
| v. | Judge John F. Kness |
| WHOLE FOODS MARKET GROUP, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

In June 2016, Plaintiff Alla Treshuk slipped and fell on droplets of water in the restroom of a Whole Foods grocery store in Schaumburg, Illinois. Having suffered multiple injuries, Plaintiff sued Defendant Whole Foods in the Circuit Court of Cook County, Illinois on the theory that her fall and subsequent injury were the result of a negligently maintained restroom. Defendant removed the case to this Court and, following a period of discovery, now moves for summary judgment.[1]

As explained below, the undisputed evidence shows that Defendant was not negligent in its maintenance of the restroom and had neither actual nor constructive knowledge of the water on the restroom floor. Accordingly, the Court grants Defendant's motion for summary judgment.

---

[1] Plaintiff's claims arise under Illinois law. Jurisdiction is proper in this Court because Plaintiff (a citizen of Illinois) and Defendant (a citizen of Delaware and Texas) are citizens of different states and the amount in controversy plausibly exceeds $75,000. 28 U.S.C. § 1332.

I.  **BACKGROUND**

Defendant operates a Whole Foods grocery store in Schaumburg, Illinois. (Complaint ("Compl."), Dkt. 1-1 ¶ 1.) On the afternoon of June 17, 2016, Plaintiff entered the women's restroom at Defendant's grocery store prior to beginning shopping. (Defendant's Statement of Fact ("DSOF"), Dkt. 52 ¶¶ 7-8; Plaintiff's Response to Defendant's Statement of Facts ("Pl.'s Resp. DSOF"), Dkt. 55 ¶¶ 7-8.) While in the restroom, Plaintiff washed her hands and then took a step toward the paper towel dispenser. (Pl.'s Resp. DSOF ¶ 17.) As she turned the knob of the paper towel dispenser, Plaintiff felt her right foot slip from underneath her and she fell to the floor. (*Id.* ¶ 18.) After falling, Plaintiff observed "spots of water" on the floor. (*Id.* ¶ 19.)

Plaintiff then went to the store's customer service counter, where she informed a staff member, George Nestoras, about her accident. (*Id.* ¶ 20.) Nestoras inspected the restroom and observed "small drops of water" about the size of a quarter on the floor below the sink. (*Id.* ¶ 22; Plaintiff's Statement of Facts ("PSOF"), Dkt. 55 ¶ 55.) Nestoras then filled out a customer incident report, which indicated that Plaintiff's accident occurred at 3:45 p.m. (Pl.'s Resp. DSOF ¶ 27.)

At the time of the incident, Defendant had maintenance protocols in place that required staff members to inspect the floors throughout the store, including the floors in the restrooms, once every hour. (*Id.* ¶¶ 28-29.) The staff member carrying out the hourly inspection would create an entry in an electronic inspection system (referred to by the Parties as the "Gleason Log") to note that either (1) the floor was "clear" or

2

(2) there was a hazard or substance on the floor, and whether that hazard had been removed. (DSOF ¶ 31.) [2] On the day of Plaintiff's accident, the Gleason Log reflects that employee Marc Sapitula inspected the women's restroom floor at 3:20 p.m. and that it was "clear" at that time. (*Id.* ¶ 36; Dkt. 52-1, Nestoras Aff. Exh. 2, at 14.)

As a result of the accident, the Plaintiff suffered multiple injuries to her elbow, back, neck, and shoulder. (Pl.'s Resp. DSOF ¶ 6.) The injury to Plaintiff's elbow required surgical repair. *(Id.)* On June 15, 2018, Plaintiff sued Defendant in the Circuit Court of Cook County, Illinois and Defendant timely removed the case to this Court. (*See generally*, Compl.; Notice of Removal, Dkt. 1.) After an ample period of discovery, Defendant moved for summary judgment. (Dkt. 51.) That motion is now fully briefed and before the Court for resolution.

## II. LEGAL STANDARD

Summary judgment is warranted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jewett v. Anders*, 521 F.3d 818, 821 (7th

---

[2] Although Plaintiff disputes this fact (as well as facts Nos. 23, 30, and 36), she does not, in compliance with Local Rule 56.1, cite any evidentiary material that controverts Defendant's assertions. *See* N.D. Ill. R. 56.1(e)(3) ("To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact"). Because Plaintiff has not controverted these facts, the Court deems them admitted. *See id.* ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material"); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Bordelon v. Chicago Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) ("we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment"). The Court thus deems Defendant's statement of facts Nos. 23, 30-31, and 36 admitted.

Cir. 2008) (quoting *Magin v. Monsanto Co.*, 420 F.3d 679, 686 (7th Cir. 2005); *see also* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. As the " 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (quotations omitted). All facts, and any inferences to be drawn from them, are viewed in the light most favorable to Plaintiff as the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III. DISCUSSION

This diversity action arises from events that took place in the state of Illinois. State law "provides the substantive law in a diversity action." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). Accordingly, the Court must "predict how the Illinois Supreme Court would decide the issues presented here." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) (citation omitted). Where the Supreme Court of Illinois "has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Id.*

Although Plaintiff's Complaint does not include enumerated counts, she proceeds under theories of both negligence (Defendant "negligently allowed . . . water . . . to be lying on the ground in [the] women's public lavatory") and premises liability (Defendant "failed to timely remove said liquid when [it] knew or should have known of the danger to . . . Plaintiff"). (Compl. ¶ 5.) Under Illinois law, negligence and premises liability are distinct torts with distinct elements that should be analyzed "separately and fully." *Donald v. Target Corp.*, No. 15 C 5714, 2016 WL 397377, at *1 (N.D. Ill. Feb. 2, 2016) (collecting cases) ("Courts have recognized the independence of these two claims and have highlighted the different elements required to prove each one"). Accordingly, the Court will address each theory of liability in turn.

A. **Negligence**

To prevail on a negligence claim under Illinois law, a plaintiff must prove that: (1) the defendant owed a duty of reasonable care to the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury. *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 721 N.E.2d 614, 620 (Ill. App. Ct. 1999). Where a business invitee, such as a customer at a grocery store, is injured "by slipping on a foreign substance, the defendant business may be liable if the substance was placed on the premises by the negligence of the proprietor or its agents." *Hickey v. Target Corp.*, No. 12-cv-04180, 2014 WL 1308350, at *3 (N.D. Ill. Apr. 1, 2014) (citing *Olinger v. Great Atl. & Pac. Tea Co.*, 173 N.E.2d 443, 445 (Ill. 1961)); *see also Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Summary judgment for the defendant is proper where "no further evidence is offered

5

other than the presence of the substance and the occurrence of the injury." *Olinger*, 173 N.E.2d at 446.

Plaintiff contends that she fell and was injured "due to slipping on water in the women's washroom" at Defendant's store (Dkt. 54 at 4), but she does not contend that Defendant *caused* the water to be present on the floor. Moreover, the record before the Court on summary judgment does not address the source of the water droplets at all. In other words, Plaintiff has offered no more evidence to support her negligence theory other than the presence of the water and the occurrence of her injury. Because Plaintiff has not offered any evidence from which a jury could conclude that the water droplets were placed on the restroom floor by the negligence of Defendant or its agents, the Court must grant summary judgment for Defendant with respect to Plaintiff's negligence theory of liability. *See Olinger*, 173 N.E.2d at 446; *Zuppardi*, 770 F.3d at 646 (affirming summary judgment where plaintiff failed to set forth sufficient evidence to create an inference that defendant caused the water spill that led to her injury); *Bailey v. City of Chicago*, 779 F.3d 689, 697 (7th Cir. 2015) (summary judgment is appropriate where "the factual record is not sufficiently developed for [the Court] to find a question of material fact").

### B. Premises Liability

Because the undisputed facts show that Defendant did not cause the water to be placed on the floor, the only remaining avenue for Plaintiff to establish liability is through notice—that is to say, whether Defendant knew or should have known of the dangerous condition that caused the fall. A business owner is on notice of an object

6

that causes an invitee to slip and fall if: (1) "his servants knew of its presence" (that is to say, if the defendant had actual notice of the dangerous condition); or (2) "the object was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered (*i.e.*, the proprietor had constructive notice of the object)." *Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 182 (Ill. App. Ct. 2019).

### 1. Actual Notice

To prove actual notice under Illinois law, a plaintiff must present evidence that a defendant knew of the dangerous condition before the plaintiff's accident. *Id.* at 185-86; *see also Pydo v. Dominick's Finer Foods, LLC*, No. 2-11-0155, 2012 WL 6967250, at *4 (Ill. App. Ct. Apr. 11, 2012) (liability "cannot be imposed upon [a] defendant for the presence of a substance that no one had knowledge of immediately prior to [a] plaintiff's fall") (citing *Tomczak v. Planetsphere, Inc.*, 735 N.E.2d 662, 668 (Ill. App. Ct. 2000)). To establish actual notice, Plaintiff must thus show that Defendant was aware of the water droplets on the restroom floor before Plaintiff's fall.

Plaintiff has not, however, presented any evidence that Defendant or its employees saw the water on the floor before the accident. Although Nestoras testified at his deposition that he saw water on the floor when he went to inspect the restroom *after* Plaintiff's fall, Plaintiff has presented no evidence that Nestoras, or any of Defendant's other employees, observed the water on the floor *before* the fall. Plaintiff theorizes that it "can be ascertained that the water on the floor . . . slowly accumulated throughout the course of the day" (Dkt. 54 at 7), but she does not provide

7

any evidence demonstrating that Defendant actually knew of any such accumulation before the accident. In the absence of any such evidence, the Court finds that there is no genuine issue of material fact regarding actual notice. *See Haslett*, 136 N.E. 3d at 187 (affirming summary judgment on finding of no actual notice where there was "no testimony in the record suggesting that any employee was aware of [the hazard], or any other foreign object, on the rink floor prior to the plaintiff's fall").

### 2. Constructive Notice

Because the undisputed facts show that Defendant did not have *actual* notice of the allegedly dangerous condition on the bathroom floor, Plaintiff must establish *constructive* notice to prevail on her claim. To establish constructive notice under Illinois law, a plaintiff must demonstrate that either: (1) the dangerous condition was present for a sufficient length of time such that the defendant should have discovered it in the exercise of ordinary care; or (2) the dangerous condition was part of a pattern of conduct or a recurring incident. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1040 (7th Cir. 2016) (citing *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988)). Plaintiff must thus demonstrate that either: (1) the water on the bathroom floor was there long enough that Defendant, had it been exercising ordinary care, would have discovered it; or (2) the water on the bathroom floor was a recurring hazard.

#### a. *Length of time*

The length of time an accident-causing substance is present before an injury is "[o]f critical importance" to determine liability. *Torrez v. TGI Friday's, Inc.*, 509 F.3d

808, 811 (7th Cir. 2007) ("Of critical importance is whether the substance that caused the accident was there a length of time so that in the exercise of ordinary care its presence should have been discovered") (citing *Tomczak*, 735 N.E.2d at 667); *see also Thompson v. Econ. Super Marts, Inc.*, 581 N.E.2d 885, 888 (Ill. App. Ct. 1991) (to establish constructive notice, "the time element . . . is a material factor"). Thus, absent any evidence "demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Zuppardi*, 770 F.3d at 651 (7th Cir. 2014).

Defendant argues Plaintiff cannot establish constructive notice because she cannot offer any evidence to establish when the water came to rest and, absent that evidence, cannot establish that the water was on the floor for an unreasonably long period of time before the accident. (Dkt. 51 at 2.) Defendant is correct: without any evidence as to how long the water had been there, the Court cannot determine whether the water drops had been there for an unreasonably long time. *See Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 1980) (directing verdict for the plaintiff where "Plaintiff simply testified that she slipped and fell and that after she was on the floor she noticed she was wet" because there was "no evidence at all as to how long the water had been on the floor of the restroom" and no "evidence tending to show constructive notice"); *see also Zuppardi*, 770 F.3d at 651 (plaintiff "fail[ed] to meet her burden of demonstrating [defendant's] constructive notice of the puddle" where she presented "next to no evidence of how much time elapsed between the spill and the fall").

9

As the admitted facts show, Plaintiff's accident was logged as occurring at 3:45 p.m. (Pl.'s Resp. DSOF ¶ 27.) The floor was last inspected at 3:20 p.m., at which time Sapitula indicated on the Gleason Log that the floor was "clear." (Dkt. 52-1, Nestoras Aff. Exh. 2, at 14.) Accepting this evidence as undisputed, the water droplets that caused Plaintiff's fall were present on the restroom floor for, at most, 25 minutes before the accident. It is impossible, however, to determine when during that 25-minute period the water came to rest on the floor. After all, it is possible "that the floor did not get wet until just before plaintiff walked into the restroom" or "that the water was on the floor because of plaintiff's use of the restroom." *Hayes*, 400 N.E.2d at 546-47. Given this dearth of evidence, the Court cannot determine how long the water was there or, by extension, whether an impermissibly long time had passed between the placement of the water and Plaintiff's accident such that Defendant would have had constructive notice of the restroom's condition. *See Pydo*, 2012 WL 6967250, at *4 ("Plaintiff offered no evidence . . . suggesting how long any water might have been on the floor that should have been discovered in the exercise of ordinary care. Under these circumstances, constructive notice, and thus liability, did not attach to defendant").

      b.    *Recurring hazard*

A plaintiff may also be able to establish constructive notice if she can prove the dangerous condition that caused the accident is "regular and recurring." *Olivarius v. Tharaldson Prop. Mgmt., Inc.*, 695 F. Supp. 2d 824, 834 (N.D. Ill. 2010) (citing *Dunlap v. Marshall Field & Co.*, 327 N.E.2d 16, 19 (Ill. App. Ct. 1975)); *see also Piotrowski,*

842 F.3d at 1040 (constructive notice based on a pattern and practice of conduct requires "a pattern of dangerous conditions or a recurring incident"). To support her argument that water on the women's restroom floor was regular and recurring, Plaintiff points only to the deposition testimony of Nestoras, who stated that he would not consider the water he saw upon his inspection of the restroom floor to be a hazard that would need to be cleaned up by the employee making the rounds to check the floors. (PSOF ¶ 57.) But Nestoras is not the employee who last inspected the floor before Plaintiff's fall. That was Sapitula, and he marked the floor as being "clear." (DSOF ¶ 36; Dkt. 52-1, Nestoras Aff. Exh. 2, at 14.) Although a more robust factual record might have shown a genuine issue of material fact as to the meaning of the term "clear" as used by Sapitula on the Gleason Log, no such evidence is before the Court for purposes of resolving this motion. This evidence does not demonstrate that water droplets on the bathroom floor were a recurring issue.

Plaintiff has not put forth any other evidence that the water droplets were recurring such that Defendant would have had constructive notice of the floor's condition. She has not produced any evidence whatsoever of any dangerous recurring substances on the restroom floor (or any other floor at the store for that matter), nor has she produced any evidence of any other slip-and-fall accidents that occurred at the store. Absent any information that would help the Court contextualize the fall rate, the amount of water that was on the floor, or the condition of the floor at the time that Sapitula indicated on the Gleason Log that the floor was "clear," the Court cannot conclude that Plaintiff's evidence is sufficient to withstand summary

11

judgment. A single fall on a few drops of water that had been on the floor for an undetermined amount of time does not bring this case within the realm of the recurring incident theory of constructive notice. Accordingly, summary judgment is granted in favor of Defendant. *See Piotrowski v. Menard, Inc.*, No. 13 C 5572, 2015 WL 5139415, at *6 (N.D. Ill. Aug. 31, 2015), *aff'd* 842 F.3d 1035 (7th Cir. 2016) (granting summary judgment where plaintiff, who slipped on rocks in defendant's parking lot, could not produce evidence of previous injuries caused by other rocks and thus could not establish constructive notice based on a recurring dangerous condition theory).

## IV. CONCLUSION

Plaintiff has presented no evidence that Defendant placed the water on the bathroom floor, no evidence as to how long the water was present, and no evidence of repeated negligent handling of water in the restroom by Defendant. The Court thus concludes that Plaintiff can show neither negligence nor actual or constructive notice of the condition that caused Plaintiff's fall. Accordingly, Defendant is entitled to summary judgment.

SO ORDERED in No. 18-cv-05050.

Date: September 21, 2021

JOHN F. KNESS
United States District Judge